IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)


DAVID HARRISON                                                    PLAINTIFF
9919 Lancewood Road
Louisville, Kentucky 40229


                                          Case No. 3:21-cv-91-RGJ

v.
                                          Judge Rebecca Grady Jennings


PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY          DEFENDANTS
d/b/a FED LOAN SERVICING COMPANY
1200 North 7th Street
Harrisburg, Pennsylvania 17102

        SERVE:    Pennsylvania Higher Education Assistance Agency
                  d/b/a Fed Loan Servicing Company
                  Attn: Michael Peifer
                  1200 North 7th Street
                  Harrisburg, Pennsylvania 17102
                  (BY KENTUCKY SECRETARY OF STATE)

AND


EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:    CSC-Lawyers Incorporating Service Co.
                  421 W. Main Street
                  Frankfort, Kentucky 40601
                  (BY CERTIFIED MAIL)

.** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, David Harrison, by counsel, and for his Verified Complaint against the Defendants, Pennsylvania Higher Education Assistance Agency d/b/a Fed Loan Servicing Company ("FLSC") and Equifax Information Services, LLC ("Equifax") states as follows:

### I. PRELIMINARY STATEMENT

1.      This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; FLSC's false reporting to Equifax of an alleged current late status on Plaintiff's zero balance, transferred student loans and FLCS's impermissible reporting of default history of Plaintiff's zero balance, transferred student loans; and Defendants' failure to correct FLSC's false reporting on Plaintiff's credit reports.

### II. PARTIES

2.      Plaintiff, David Harrison, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 9919 Lancewood Road, Louisville, Kentucky 40229.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, FLSC, is a Pennsylvania corporation and is a student loan lender doing business in the Commonwealth of Kentucky with its principal place of business at 1200 North 7th Street, Harrisburg, Pennsylvania 17102.

5.      FLSC is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b) and a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §1692a(6).

6.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.      Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.      Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III.  JURISDICTION

9.      This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV.  FACTUAL BACKGROUND

10.     In or around November 2020, Plaintiff, who was in the process of seeking home mortgage financing, accessed his Equifax credit report and discovered that FLSC was reporting a current late status and default history on several of Plaintiff's zero balance, transferred FLSC student loan accounts.

11.     Prior to November 2020, and upon information and belief, the United States Department of Education assigned or otherwise transferred the student loan accounts to FLSC.

12.     Immediately upon discovering FLSC's false and derogatory tradelines which showed Plaintiff's student loan accounts with default histories, Plaintiff filed a written dispute with Equifax regarding the inaccuracy of the tradelines, given the prohibition of derogatory payment history reporting of transferred loans, as set forth in 20 U.S.C. §1078-6(c) and 34 C.F.R.

§682.405(b)(2).

13.     Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified FLSC of the disputes at or within five (5) days of Equifax's and receiving notice of the disputes from Plaintiff.

14.     Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FRCA, in December 2020, FLSC and Equifax failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit report or to amend Plaintiff's credit report.

15.     Upon information and belief, FLSC and Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any sufficient attempts to remove the disputed items or to amend Plaintiff's credit reports within a reasonable time following their receipt of Plaintiff's disputes.

16.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and /or has been forced to pay a high rate or interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and to remove or amend the subject FLSC tradelines.  In addition, Defendants' violations of the FRCA have caused Plaintiff to suffer embarrassment, humiliation and emotional distress.

## V.  CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – FLSC

17.     Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

18.     FLSC's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of the past due authorized user tradelines are violations of FLSCs duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

4

19.    FLSC's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which FLSC is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

20.    Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

21.    Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines, despite knowledge of the falsity of the disputed items, are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

22.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23.    Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – FLSC

24.    Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

25    FLSC's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of the alleged past due authorized user tradelines, despite FLSC's knowledge

of the falsity of its reporting, are willful violations of FLSC's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

26.    Given FLSC's knowledge of the falsity of its reporting, FLSCs violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n, for which FLSC is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

27.    Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

28.    Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

29.    Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

30.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, David Harrison, respectfully demands the following:

1.    Trial by jury on all issues so triable;

2.    Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.    For attorneys' fees and costs; and,

4.    Any and all other relief to which Plaintiff may appear to be entitled.


Respectfully submitted,


/s/Emily H. Funk
Emily H. Funk
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
Counsel for Plaintiff

## VERIFICATION

I, David Harrison, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

David Harrison

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF JEFFERSON         )

Subscribed, sworn to and acknowledged before me by David Harrison this 22 day of January, 2021.

Notary Public

Commission expires:____06.08.2022____

8